KUGELMAN et al. v. RITTER et al.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

SALES (§§ 359, 441*)—ACTION FOR PRICE—DEFENSE—COUNTERCLAIM.

Where, in an action for the price of goods sold, one of the defendants, called by plaintiff, testified to a sale, delivery, and agreed price, a partial payment, and the balance due, his testimony, on cross-examination, that plaintiff knew that the goods were purchased for manufacture into cloaks. and had said that they would make up into nice goods, that a large quan-

tity of the goods proved to be so defective as to show that they were not suitable, and that plaintiff had suggested that the goods, when the dispute as to quality arose, should be sent to an examiner for inspection, and that he would abide by his decision, and that only a small quantity from three pieces was sent to the examiner, who found them defective, did not establish a defense or counterclaim.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059, 1277–1283; Dec. Dig. §§ 359, 441.*]

Appeal from City Court of New York, Trial Term.

Action by Julius G. Kugelman and another against William C. Ritter and another. From a judgment of dismissal at the close of plaintiffs' case, plaintiffs appeal. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Samuel J. Rawak, of New York City, for appellants.

Joseph Gans, of New York City, for respondents.

PAGE, J. The action was to recover the agreed price for goods sold and delivered. The plaintiffs called one of the defendants as their witness, and proved by him the sale, delivery, and agreed price, and payment for all but the balance alleged to be due. The defendants' attorney on cross-examination went into the defense, and proved that the plaintiffs knew that the goods were purchased to be manufactured into cloaks, and said that they would make up into nice goods, and that a large quantity proved to be so defective as to show that the goods were not suitable for the purpose for which they had been purchased. It also appeared that the plaintiffs' assignor had suggested that the goods, when the dispute as to quality arose, should be sent to an examiner for inspection, and plaintiffs' assignor agreed to abide by his decision. The defendants, however, sent only a small quantity from three pieces of the goods in controversy, and the examiner held these to be defective. The defendants moved to dismiss the complaint, "on the ground that it appears on the plaintiffs' case that goods exceeding the amount of plaintiffs' claim were sent to the examiner of the plaintiffs' assignor and reported not good delivery." The motion was granted. The defendants had not, however, on the cross-examination established their defense. It may well be that further testimony may be adduced which might be sufficient to prove a defense or a counterclaim, but it was error to dismiss the complaint.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.